UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYDNI WARD** | **CIVIL ACTION NO.** |
| **VERSUS** | **MAG. JUDGE** |
| **FRANCISCAN MISSIONARIES OF OUR LADY UNIVERSITY** | **JUDGE** |

## COMPLAINT

**NOW INTO COURT,** comes Plaintiff, Cydni Ward, a person of full age of majority and a resident of and domiciled in the Parish of East Baton Rouge, State of Louisiana who respectfully represents that:

**Nature of the Case**

1.

This action arises from the Franciscan Missionaries of Our Lady University ("University" or "Defendant") violations of race discrimination under Title IX, violation of 504 of the Rehabilitation Act and the American With Disabilities Act ("ADA") and 42 U.S.C. §1981.

2.

This action is filed to provide Cydni Ward relief for unlawful discrimination in her schooling and education while attending the University due to her race and disability. Ward seeks monetary and equitable remedies for her educational losses, set backs in her education, monies loss on financing her education, attorney fees, costs, interest from the date of judicial demand until paid, mental and emotional distress and such other relief as the law may allow, including but not limited to such punitive damages as allowed by statute and/or jurisprudence.

1

## Jurisdiction and Venue

3.

Plaintiff's claim involves a federal question from under Title IX, violation of 504 of the Rehabilitation Act and the American With Disabilities Act ("ADA") and 42 U.S.C. §1981.

4.

Venue is proper with this Court because the claims arise out of events, acts and/or omissions of which a substantial part occurred in this Middle District.

## Parties

5.

Plaintiff, Cydni Ward, during the time of the issues of concern in this matter, was and is a resident of and domiciled in and a citizen of East Baton Rouge Parish, State of Louisiana. During the time of the issues of concern in this matter, Plaintiff was a full-time student under the definition of Title IX and the Defendant was University of higher education that receives federal funds.

The Defendant is a University located in the City of Baton Rouge. Franciscan Missionaries of Our Lady University is a Catholic University founded by the Franciscan Missionaries of Our Lady, North America province in 1923.

## Factual Allegations

6.

Cydni Ward, a Black female, attended the University seeking a master's degree from the Physician Assistant Program from the Spring of 2020 to April 30, 2021, when she was dismissed from the program unfairly. While attending the University, Ms. Ward received a third C in the program which was determined to be automatic grounds for dismissal. After the unfair dismissal in April of 2021, Ms. Ward sought to appeal the decision.

7.

A remediation was granted with numerous terms, conditions and stipulations which made it virtually impossible for any student to complete including Ms. Ward. The terms of the remediation were a suicide mission for any student. It was particularly problematic for Ms. Ward who suffers from an attention deficit disorder.

8.

During the remediation process Ms. Ward was subjected to terms that were arbitrary and capricious and in violation of the ADA and Title IX in the following ways:

.

9.

She was offered an opportunity to repeat the course but the course was not the same as the one she had received a C in during the semester. According to the student remediation contract, Ms. Ward was to repeat PHAS5754 FCMS V - Comprehensive Medicine, normally a 3 hour course. During the remediation, the format of the course changed to an independent study and the course was reduced to 1 hour, neither of which worked for Ms. Ward's disability.

10.

The Course was approved back in May of 2021. However, the course did not begin until June 21, 2021. Strangely, Dr. Sarah Deyo never reached out to initiate when the course should begin. Ms. Ward had to reach out to her by email.

11.

To make things more unfair, Dr. Steele-Moses asked Ms. Ward who did she want to teach the course; Ms. Ward provided two names, Melissa Lemoine and Alicia Brand. None of

the persons selected by Ms. Ward were chosen.  Also, Ms. Ward was never notified as to why her suggested these persons were not selected.  Instead, Dr. Sarah Deyo was selected, the professor who helped to kick Ms. Ward out of the program when she was given a third C.

12.

Knowing that the Plaintiff suffered from attention deficit disorder ("ADD") Dr. Deyo purposely ridiculed the Plaintiff and stated Ms. Ward had a knowledge deficit and knowledge gaps.

13.

Ms. Ward, concerned for her success in the program, notified the university that online learning was not her most conducive learning style and that she suffered from a disability yet there were little or no concessions made during remediation process or during the semester.  This was important as classroom time would have been more beneficial to Ms. Ward's learning requirements.

14.

Ms. Ward complained that she needed a reasonable accommodation to be given more time during testing, yet her requests were denied alleging PA's must make critical decisions when evaluating patients and must make their decisions in a timely manner in violation of the ADA and 504 of the Rehabilitations Act. This was a classroom setting and not a hospital therefore the request was only reasonable.

15.

Ms. Ward was granted more time on some multiple choice tests but not on essay and short answer tests where she really needed it.

16.

The assignments were divided into three groups which required Ms. Ward to receive a grade of B or better on each of them and was told that she would be graded on each before she could continue to the next group, per the contract. Instead, Dr. Deyo never graded the assignments one by one. She instead, let Ms. Ward take three consecutive tests, without any provided feedback. As the course progressed Ms. Ward was told she had failed two of the three exams and would automatically be dismissed from the program per the contract.

17.

A second major problem was Dr. Deyo's titles and positions were a conflict of interest as it relates to Ms. Ward's situation. Dr. Deyo served as Ms. Ward's Course Instructor during the semester, the professor during the remediation, Ms. Ward's Academic Advisor, PA Program Director and the person who was allowed to decide the format of the remediation course. This was discrimination coupled with a denial of due process.

18.

A third problem was remediation benchmarks, which were all objective in nature but lacked an objective grading system as they were graded without use of a rubric. This made it easy for Dr. Deyo to find a way to discredit Ms. Wards test results.

.

19.

Mrs. Deyo made the course a one-hour course instead of the traditional 3 hour course which prevented Ms. Ward from receiving financial aid for the course. Financial aid was available for students having a least 3 hours during the semester. Since the Plaintiff had only one hour class that semester financial assistance was unavailable.

.

20.

After getting an average of a C in the course, Plaintiff sought a revaluation of her grade to have it increased from a C to a B. Her request was denied. However, there were white students who were allowed to have their grades increased from a high B to an A. However, Ms. Ward, a Black female was denied this opportunity during school and during the remediation process to have her grade increased from 75.45 to a 75.5 which could have saved her and kept her in the program. Plaintiff was subjected to different terms and conditions than her Whites colleagues regarding her education.

21.

Additionally, Ms. Ward was given three consecutive days of testing the 28th, 29th and 30th of June after she had requested as a reasonable accommodation of having her test spread out over a week due to her disability. Ms. Ward's accommodation was denied by Dr. Deyo asserting that it violated the remediation contract, which simply was not true. The contract specifically stated that the test needed to be taken within the week and not on three consecutive days.

The course was supposed to be 8 weeks and Ms. Ward was to be the only person in the course that should have been class taught. Instead, the course was only four weeks. The course

was supposed to start on the 7th of June, the course instead did not start until June 21, 2021. All of these changes were implemented by Dr. Deyo.

22.

Also, Ms. Ward was falsely accused by a professor of recording an instructor without permission. This same professor was allowed to proctor and grade Ms. Ward's OSLER examination the following day.

## Causes of Action

23.

Based on the aforementioned, which are all incorporated herein by reference, defendants discriminated against Plaintiff in violation of Title IX and 42 U.S.C. §1981, on the basis of race and violated her ADA rights for a reasonable accommodation. Moreover, defendant violated Section 504 of the Rehabilitation Act as it discriminated while receiving federal funding. The discrimination against Ms. Ward violates federal education laws and the racial and disability discrimination which denied her equal access to educational opportunities and caused her emotional distress.

## Prayer

Plaintiff requests a jury trial in this matter.

**WHEREFORE,** plaintiff, respectfully pray that after citation and/or summons are issued and issue joined and due proceedings are had, that there be judgment rendered in her favor and against Defendants, as prayed, for this, to wit:

a. That Plaintiff, be awarded all loss of education funds paid to the university to date.
b. That Defendant pays compensatory damages to compensate Plaintiff for ruining her educational future by expelling her from the university.

c.  That plaintiff, be awarded punitive damages as allowed by law, all reasonable attorneys' fees, litigation expenses, expert fees, and costs, and interest from date of judicial demand until paid and for all recourse available under federal and state laws, rules, and regulations.

Respectfully Submitted,

**LAW OFFICE OF YANCY A. CARTER**

  /s/ Yancy A. Carter  
YANCY A. CARTER (#24335)  
**Law Offices of Yancy A. Carter**  
7102 Mohave Hills  
P.O. Box 691442  
Houston, Texas  77269  
Tel. (504) 319-3625  
Fax (832) 284-7052  
Email: yancycarter@hotmail.com